UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

In re:

GOODMAN AND DOMINGUEZ, INC.,     Case No. 17-17237-AJC
                                                     Chapter 11

          Debtor.
_____/

### EMERGENCY *EX PARTE* MOTION TO TRANSFER CASE TO THE HONORABLE ROBERT A. MARK

Goodman and Dominguez, Inc. (the "*Debtor*"), by and through undersigned counsel, pursuant to Fed. R. Bankr. P. 1015(b) and 1073 and Local Rules 1015(1)(B), 1073-1 and 9075-1, files this Emergency *Ex Parte* Motion to Transfer this case to the Honorable Robert A. Mark ("*Motion*").  In support of this Motion, the Debtor states as follows:

### Jurisdiction

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

2.      On June 9, 2017 (the "*Petition Date*"), the Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code, along with its affiliates:

        a)      Traffic, Inc., Case No. 17-17239-LMI;

        b)      Traffic Las Plazas, Inc., Case No. 17-17240-AJC; and

        c)      Traffic Plaza Del Norte, Inc., Case No. 17-17241-AJC.

The Debtor and its affiliates are collectively referred to as the Debtors.

3.      The Debtors' principal place of business is in Miami-Dade County, Florida.

4.     The Debtors' own and operate a closely-held business in the retail shoe industry and on-line sales via e-commerce at www.trafficshoe.com.  The business, which started in Miami in 1989 with just one store, strives to provide the hottest footwear to a fashion forward, budget conscious consumer.

5.     The Debtors operate as a single business and are known throughout the industry as one or more of the following:

    a)    Goodman and Dominguez, Inc.;
    b)    Goodman & Dominguez, Inc.;
    c)    Traffic, Inc.;
    d)    Traffic Las Plazas, Inc.
    e)    Traffic Plaza del Norte, Inc.
    f)    Traffic Shoe, Inc.;
    g)    Traffic Shoe;
    h)    Traffic Shoes; and
    i)    Traffic.

6.     The Debtors are affiliates having nearly identical ownership with their principal place of business in Miami-Dade County, Florida.   Traffic is a fictitious name owned by Traffic, Inc. and used by the Debtors.  Traffic Shoe, Inc., Traffic, Traffic Shoe, and Traffic Shoes are d/b/a's used by the Debtors and are not themselves incorporated.

## Basis for Relief

7.     Judicial assignment of bankruptcy cases in the Southern District of Florida is governed under Local Rule 1073-1 (Divisional and Judicial Assignment of Cases).  Local Rule 1073-1(B)(3) states "[t]he judge to whom any case or proceeding is assigned may, at any time, reassign the case or proceeding to any other consenting judge in its entirety or for any limited purpose." *See* Local Rule 1073-1.

8.     Local Rule 1015-1, which governs joint administration and intra-district transfer of related cases to one judge, states that "[a] motion for . . . transfer  . . . .shall be filed by the

party seeking . . . transfer of related cases to one judge" and shall state "with particularity why . . . cases for which transfer is sought is or are related to a case or cases before the judge to whom transfer is requested. *See* Local Rule 1015-1 (emphasis supplied).

9. On January 4, 2016, the Debtors filed voluntary petitions under Chapter 11 of the United States Bankruptcy Code. The cases were jointly administered and the Lead Debtor's case no. is 16-10056-RAM and is before the Honorable Robert A. Mark.

10. Based on the above, the Debtor asserts that it is proper for this case to be transferred to Judge Mark. The issues that will be addressed in the Debtor's case will be related to and overlapping with those in its affiliates' bankruptcy cases. Further, as a general matter, judicial economy, efficiency and uniformity of results will all be achieved if this case and the affiliate cases are all before one Bankruptcy Judge.

11. The Debtors shall seek joint administration of their bankruptcy proceedings.

## Basis for Exigency

12. For judicial economy and so that any First Day motions/hearing can be set as soon as practicable, the hearing on this Motion is sought on an emergency basis.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, the Debtor respectfully requests entry of an Order, on an emergency *ex parte* basis, transferring this bankruptcy proceeding to the Honorable Robert A. Mark and granting such other and further relief this Court deems fair and equitable.

Dated: June 9, 2017.

                                                    s/ Joshua W. Dobin
                                                  Joshua W. Dobin, Esquire
                                                  Florida Bar No. 93696
                                                  jdobin@melandrussin.com
                                                  MELAND RUSSIN & BUDWICK, P.A.
                                                  3200 Southeast Financial Center
                                                  200 South Biscayne Boulevard
                                                  Miami, Florida  33131
                                                  Telephone: (305) 358-6363
                                                  Telecopy: (305) 358-1221

                                                  *Proposed Attorneys for*
                                                  *the Debtors in Possession*