UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

GOODMAN AND DOMINGUEZ, INC.
d/b/a TRAFFIC,[1]                           Case No. 17-17237- AJC
                                            Chapter 11
      Debtor.
_____/

In re:

TRAFFIC, INC.,                              Case No. 17-17239-LMI
                                            Chapter 11
      Debtor.
_____/

In re:

TRAFFIC LAS PLAZAS, INC.,                   Case No. 17-17240- AJC
                                            Chapter 11
      Debtor.
_____/

In re:

TRAFFIC PLAZA DEL NORTE, INC.,              Case No. 17-17241- AJC
                                            Chapter 11
      Debtor.
_____/

## **DEBTORS' *EX PARTE* MOTION FOR JOINT ADMINISTRATION**

Goodman and Dominguez, Inc. d/b/a Traffic ("***G&D***"), Traffic, Inc. ("***TI***"), Traffic Las Plazas, Inc. ("***Las Plazas***"), and Traffic Plaza Del Norte, Inc. ("***Plaza del Norte***") (G&D and TI collectively shall be referred to as the "***FL Debtors***" and Las Plazas and Plaza del Norte

---

[1] The Debtors' current mailing address is 10701 NW 127 St, Medley, FL 33178.  G&D and TI both use EIN 59-2268839.  Las Plazas's EIN is 66-0726918 and Plaza del Norte's EIN is 66-0719972.

1
LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

collectively shall be referred to as the "***PR[2] Debtors***" and the FL Debtors and the PR Debtors shall collectively be referred to as the "***Debtors***"), by and through undersigned counsel, and pursuant to Fed.R.Bankr.P. 1015(b) and Local Rules 1015-1(A)(2), 9013-1(C)(14) and 5005-1(G)(1)(a), file this *ex parte* motion (the "***Motion***") seeking joint administration of their Chapter 11 cases. In support of the Motion, the Debtors respectfully represent as follows:

## I.    Jurisdiction and Venue

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409, as the FL Debtors are located at 10701 NW 127 St, Medley, FL 33127. The Debtors are affiliates of each other as contemplated by 11 U.S.C. § 101(2)(A).

## II.    Background

2. On January 4, 2016, the Debtors filed voluntary petitions under Chapter 11 of the United States Bankruptcy Code. The cases were jointly administered and the Lead Debtor's case no. is 16-10056-RAM and is before the Honorable Robert A. Mark.

3. On June 9, 2017 (the "***Petition Date***"), the Debtors filed voluntary petitions under Chapter 11 of the United States Bankruptcy Code.

4. The Debtors are operating their businesses and managing their affairs as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

5. The Debtors' own and operate a closely-held business in the retail shoe industry and on-line sales via e-commerce at www.trafficshoe.com. The business, which started in Miami in 1989 with just one store, strives to provide the hottest footwear to a fashion forward, budget conscious consumer.

---

[2] PR refers to the Puerto Rican entities.

6. The Debtors operate as a single business and are known throughout the industry as one or more of the following:

   a) Goodman and Dominguez, Inc.;
   b) Goodman & Dominguez, Inc.;
   c) Traffic, Inc.;
   d) Traffic Las Plazas, Inc.
   e) Traffic Plaza del Norte, Inc.
   f) Traffic Shoe, Inc.;
   g) Traffic Shoe;
   h) Traffic Shoes; and
   i) Traffic.

7. The Debtors are affiliates having nearly identical ownership with their principal place of business in Miami-Dade County, Florida. Traffic is a fictitious name owned by Traffic, Inc. and used by the Debtors. Traffic Shoe, Inc., Traffic, Traffic Shoe, and Traffic Shoes are d/b/a's used by the Debtors and are not themselves incorporated.

8. The Debtors' website, http://www.trafficshoe.com, refers to "TrafficShoes", contains the Debtors' corporate logo and lists a contact number at "Traffic Shoes, Inc." The telephone greeting at the Debtors' corporate office refers to the business as Traffic Shoes.

9. The Debtors deposit all receipts from the business operations into separate store deposit accounts. Weekly, G&D sweeps all store deposit accounts and, combined with the merchant account sweeps, uses those funds to pay the Debtors' obligations.[3]

10. G&D pays all payables of the Debtors and all other d/b/a's mentioned above and no party has been prejudiced by this arrangement.

---

[3] The cash management system is set forth in more detail in the Debtors' Emergency Motion for (A) Authority to (I) Maintain Existing Bank Accounts and Continue to Use Existing Business Forms and Checks, and (II) Continue to Use Existing Cash Management System, and (B) Waiver of Certain Investment and Deposit Guidelines.

### III.  Relief Requested

11. The Debtors respectfully request that this Court enter an order directing the joint administration of the Debtors' Chapter 11 bankruptcy cases for procedural purposes only pursuant to Federal Rule of Bankruptcy Procedure 1015(b) and Local Rule 1015-1. Specifically, the Debtors request that these cases be jointly administered under the lead case: Goodman and Dominguez, Inc., Case No. 17-17237-RAM.

### IV.  Basis for Relief Requested

12. Bankruptcy Rule 1015(b) provides in relevant part as follows: "If a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Rule 1015 promotes the fair and efficient administration of multiple cases of affiliated debtors, like here, while protecting the rights of individual creditors.[4]

13. As described above, the Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Joint administration is proper in these cases. First, the issues that will be addressed in the Debtors' bankruptcy cases will be related and overlapping. To that end, joint administration will result in simplified supervision of the administrative aspects of these Chapter 11 cases by the Office of the United States Trustee. Further, the interests of the Debtors, their estates, and all parties-in-interest would best be served by joint administration of these cases. The Debtors believe that joint administration of these cases will obviate the need for duplicative notices, motions, applications, and hearings, and as such, will save the Debtors considerable time and expense. Accordingly, there is a sufficient basis to authorize the relief requested.

---

[4] *See In re GlycoGenesys*, 352 B.R. 568 (Bankr. D.Mass. 2006).

14. Pursuant to Local Rule 1015-1(A)(2), the Debtors state that joint administration of their cases will not give rise to any conflict of interest among the estates of the Debtors.  The rights of the respective creditors of the Debtors will not be adversely affected by the joint administration.

15. Pursuant to Local Rules 1015-1(A)(3) and 5005-1(G)(1)(a), a proposed order jointly administering the cases and conforming to Local Rule 1015-1(A)(3) is attached as **Exhibit A**.

WHEREFORE, the Debtors respectfully request entry of an order in the form attached as **Exhibit A** granting the relief requested herein and granting such other and further relief this Court deems fair and equitable.

Dated: June 9, 2017.

 s/ Joshua W. Dobin
Joshua W. Dobin, Esquire
Florida Bar No. 93696
jdobin@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221

*Proposed Attorneys for
the Debtors in Possession*

EXHIBIT A

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

| | |
|---|---|
| GOODMAN AND DOMINGUEZ, INC.,[1] | Case No. 17-17237-AJC |
| TRAFFIC, INC., | Case No. 17-17239-LMI |
| TRAFFIC LAS PLAZAS, INC., | Case No. 17-17240- AJC |
| TRAFFIC PLAZA DEL NORTE, INC., | Case No. 17-17241- AJC |
| d/b/a TRAFFIC, | |
| d/b/a TRAFFIC SHOES, | |
| | Chapter 11 |
| Debtors. | Jointly Administered |
| _____/ | |

## ORDER JOINTLY ADMINISTERING CHAPTER 11 CASES

This matter came before the court

☐ ex parte or ;

☐ at a hearing on _____

on a motion filed pursuant to Bankruptcy Rule 1015 and Local Rule 1015-1(A)(2).

The cases identified in the caption of this order are pending in this court by or against (1) a husband and wife, or (2) a partnership and one or more of its general partners, or (3) two or more general members of a partnership, or (4) a debtor and an affiliate. It appears that these cases

---

[1] The Debtors' current mailing address is 10701 NW 127 St, Medley, FL 33178. G&D and TI both use EIN 59-2268839. Las Plazas's EIN is 66-0726918 and Plaza del Norte's EIN is 66-0719972.

should be jointly administered as authorized under Bankruptcy Rule 1015 and Local Rule 1015-1.

Accordingly it is

**ORDERED** that:

1. These cases shall be jointly administered. Case No. 17-17237 is designated the "lead case". Case numbers 17-17239, 17-17240 and 17-17241 are transferred to the undersigned judge.

2. A single case docket and court file will be maintained hereafter under the "lead case" number.

3. Pleadings filed in other than the lead case shall be captioned under the lead case name(s) and case number followed by the words "(Jointly Administered)" and beneath that caption, the case names and numbers for the cases in which the document is being filed. Claims filed shall indicate only the case name and number of the case in which the claim is asserted. Separate claims registers shall be maintained for each case. Ballots shall be styled and filed only in the case name and number of the member case for which the plan being voted on was filed.

4. The debtor-in-possession, or if applicable, trustee, will not commingle assets or liabilities unless and until it is determined, after notice and hearing, that these cases involve the same debtor or that another ground exists to order substantive consolidation of these cases.

###

**Submitted by:**

Joshua W. Dobin, Esquire
Florida Bar No. 93696
jdobin@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
*Proposed Attorneys for the Debtors-in-Possession*
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone:     (305) 358-6363
Telefax:          (305) 358-1221

**Copies Furnished To:**
Joshua W. Dobin, Esquire, is directed to serve copies of this Order on all parties in interest and to file a Certificate of Service.