UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

| | |
|---|---|
| GOODMAN AND DOMINGUEZ, INC.,[1] | Case No. 17-17237-RAM |
| TRAFFIC, INC., | Case No. 17-17239-RAM |
| TRAFFIC LAS PLAZAS, INC., | Case No. 17-17240-RAM |
| TRAFFIC PLAZA DEL NORTE, INC., | Case No. 17-17241-RAM |
| d/b/a TRAFFIC, | |
| d/b/a TRAFFIC SHOES, | Chapter 11 |
| | Jointly Administered |

Debtors.

_____/

**DEBTORS' EMERGENCY MOTION FOR (A) AUTHORITY TO
(I) MAINTAIN CERTAIN BANK ACCOUNTS AND CONTINUE TO
USE EXISTING BUSINESS FORMS AND CHECKS, AND
(II) CONTINUE TO USE EXISTING CASH MANAGEMENT SYSTEM,
AND (B) WAIVER OF CERTAIN INVESTMENT AND DEPOSIT GUIDELINES**
`
**Basis for Requested Emergency Hearing**

The Debtors respectfully request that the Court conduct a hearing on this Motion consistent with Local Rule 9013-1(F).  The Debtors own and operate retail shoe stores throughout the United States, in Puerto Rico and online.  As such, the Debtors maintain a number of bank accounts.  The United States Trustee Guidelines require the closing of all pre-petition bank accounts and the establishment of new DIP accounts.  Changing certain existing bank accounts and business forms would severely disrupt the Debtors' cash management system and adversely affect the Debtors' business operation. Section 345 of the Bankruptcy Code imposes investment guidelines on debtors. The Debtors request a waiver of the requirements of Section 345. The Debtors respectfully request that the Court waive the provisions of Local Rule 9075-1(B), which require an affirmative statement that a bona fide effort was made in order to resolve the issues raised in this Motion, as the relief requested herein is urgent in nature and does not lend itself to advance resolution. Notwithstanding, the undersigned is currently in discussions with the Office of the United States Trustee regarding the relief sought by this Motion.

Goodman and Dominguez, Inc. d/b/a Traffic ("**G&D**"), Traffic, Inc. ("**TI**"), Traffic Las

Plazas, Inc. ("**Las Plazas**"), and Traffic Plaza Del Norte, Inc. ("**Plaza del Norte**") (G&D and TI

---

[1] The Debtors' current mailing address is 10701 NW 127 St, Medley, FL 33178.  G&D and TI both use EIN 59-2268839.  Las Plazas's EIN is 66-0726918 and Plaza del Norte's EIN is 66-0719972.

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363
{Firm Clients/5629/5629-1/01957631.DOCX.}

collectively shall be referred to as the "*FL Debtors*" and Las Plazas and Plaza del Norte collectively shall be referred to as the "*PR$^2$ Debtors*" and the FL Debtors and the PR Debtors shall collectively be referred to as the "*Debtors*"), file this motion (the "*Motion*"), pursuant to 11 U.S.C. §§ 345(b), 363(c) and Local Rule 9013-1(J), for the entry of an order (a) authorizing (i) the continued use of the existing Bank Accounts (as defined herein) and continued use of existing business forms and checks, and (ii) the continued use of the Debtors' existing cash management system; (b) waiving investment and deposit guidelines of Section 345 of the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*, and those guidelines promulgated by the Office of the United States Trustee (the "*Guidelines*");[3] and (c) providing any additional relief required in order to effectuate the foregoing.  In support of this Motion, the Debtors respectfully represent as follows:

## I.  Jurisdiction

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.    Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.    The statutory basis for the relief requested herein is sections 105(a) and 345 of title 11 of the United States Code (the "*Bankruptcy Code*").

---

[2] PR refers to the Puerto Rican entities.

[3] The Guidelines were issued in order to assist the U.S. Trustee in supervising the administration of chapter 11 cases. Such Guidelines require chapter 11 debtors to, among other things:
   a.    close all existing bank accounts and open new accounts which must be designated debtor-in-possession bank accounts;
   b.    establish and maintain separate debtor-in-possession accounts for the payment of payroll, taxes and operating expenses; and
   c.    obtain and utilize new checks for all debtor-in-possession accounts which bear the designation "Debtor-in-Possession" and contain certain other information related to the chapter 11 case.

## II.    Background

4.    On June 9, 2017 (the "***Petition Date***"), the Debtors filed their voluntary petitions under Chapter 11 of the United States Bankruptcy Code.

5.    The Debtors are operating their business and managing their affairs as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

6.    The Debtors' own and operate a closely-held business in the retail shoe industry and on-line sales via e-commerce at www.trafficshoe.com.  The business, which started in Miami in 1989 with just one store, strives to provide the hottest footwear to a fashion forward, budget conscious consumer.

## III.    Relief Requested

7.    In connection with the Debtors' business, the Debtors utilize numerous bank accounts.  Accounts are held in the names of:

      a.  Goodman and Dominguez, Inc.;
      b.  Goodman and Dominguez Inc.;
      c.  Goodman & Dominguez, Inc.;
      d.  Traffic;
      e.  Traffic Las Plazas, Inc.; and
      f.  Traffic Plaza Del Norte, Inc.

8.    By this Motion, the Debtors seek (a) authority for (i) the continued use of certain existing Bank Accounts (as defined herein) and continued use of existing business forms and checks, (ii) the continued use of the existing cash management system; and (b) waiver of the investment and deposit guidelines of Section 345 of the Bankruptcy Code and the United States Trustee's Guidelines.

## IV.    The Debtors' Existing Bank Accounts and Cash Management System

9.    Prior to the commencement of this Chapter 11 case, in the ordinary course of their business, the Debtors utilized various banks nationwide.  Each store utilized a bank account at a

conveniently located bank for the sole purpose of making deposits of sales receipts (the "***Store Deposit Accounts***").  Each Store Deposit Account is owned and controlled by G&D for stores located in the United States.   The PR Debtors own their own Store Deposit Accounts located in Puerto Rico.

10. G&D utilized a network of bank accounts at Citibank, N.A. ("***Citibank Accounts***") and SunTrust Bank ("***SunTrust Accounts***")

11. Every Thursday, G&D sweeps the Store Deposit Accounts leaving only $700 remaining in each Store Deposit Account.  The sweep is electronically transferred into the G&D Operating Account at Citibank.  Once the DIP Operating Account is opened, all funds from the Thursday sweeps will be transferred to the DIP Operating Account the following day.

12. G&D receives invoices for all lease payments, utilities, vendors and trade debt for all Debtors.

13. A schedule of the Debtors' bank accounts ("***Bank Accounts***") is set forth on **<u>Exhibit A</u>**[4] attached hereto.  The Bank Accounts are part of a carefully constructed and highly automated cash management system (the ***"Cash Management System"***) that the Debtors have employed, in the ordinary course of their business, to ensure the Debtors' ability to efficiently monitor and control their cash position, effectively and efficiently operate their business and ensure payment of their employees, vendors, and other obligations.

14. To the extent applicable, Wells Fargo Bank, N.A. ("***Wells Fargo***") must be authorized to debit the Debtors' accounts in the ordinary course of business without need for further order of this Court for all undisputed prepetition amounts outstanding as of the Petition

---

[4] Bank accounts in white will remain open and will continue to deposit receipts which G&D sweeps weekly on Thursday and thereafter, on Friday, will be transferred to the DIP Operating Account. Bank accounts in red will be closed and any funds will be deposited into the DIP Operating Account. Bank accounts in green will be closed and will be reopened or deposited into new DIP accounts.

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363
{Firm Clients/5629/5629-1/01957631.DOCX.}

date, if any, owed to Wells Fargo as service charges for the maintenance of the cash management system. Further, all provisions with respect to termination and service and maintenance fees under the existing agreements between the Debtors and Wells Fargo with respect to the maintenance of the Wells Fargo accounts and cash management system must remain in full force and effect. The Debtors and Wells Fargo need to be able, without further Order of this Court, agree to and implement changes to the cash management systems and procedures in the ordinary course of business, including, without limitation, the opening and closing of bank accounts, except that any new account that is opened must be a Debtor in Possession account in compliance with the UST Guidelines.

15.     The Cash Management System outlined above allows the Debtors to operate their business in the most efficient and effective manner. Through the utilization of this existing Cash Management System, the Debtors are able to facilitate cash forecasting and reporting, monitor collection and disbursement of funds, and maintain control over the administration of the various bank accounts required to effect the collection, disbursement, and movement of cash, as well as the payment of the Debtors' employees. Indeed, the Cash Management System used by the Debtors constitutes ordinary, usual, and essential business practice. This integrated system allows the Debtors to (a) control corporate funds centrally, (b) ensure availability of funds when necessary, (c) ensure prompt and efficient payment of employees, and (d) reduce administrative expenses.

16.     The Debtors' operations require that the Cash Management System continue during the pendency of their Chapter 11 cases. If the Debtors were required to adopt a new cash management system, their operations and payments to their employees and vendors would be severely disrupted, which would undoubtedly interfere with the Debtors' business and have a

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363
{Firm Clients/5629/5629-1/01957631.DOCX.}

serious and potentially devastating impact on the Debtors' ability to reorganize.  Further, the establishment of new cash accounts and a new collection and disbursement system would interfere with the Debtors' business relationships and could result in substantial additional costs to the Debtors' bankruptcy estates.  In contrast, maintenance of the existing Cash Management System will avoid this disruption and, thereby, avoid unnecessarily distracting the Debtors from more critical matters during the initial days of the chapter 11 cases.  Accordingly, the Debtors firmly believe that maintenance of the existing Cash Management System is essential and in the best interests of all creditors and other parties in interest.

### V.    Maintenance of the Debtors' Existing Bank Accounts, Cash Management System, Checks, and Business Forms is Warranted

17.    The Office of the United States Trustee has established certain operating Guidelines for debtors in possession in order to supervise the administration of Chapter 11 cases. These Guidelines require Chapter 11 debtors to, among other things, close all existing bank accounts and open new debtor in possession ("***DIP***") bank accounts in certain financial institutions designated as authorized depositories by the U.S. Trustee, establish one DIP account for all estate monies required for the payment of taxes (including payroll taxes), and obtain checks for all DIP accounts that bear the designation, "debtor in possession," the bankruptcy case number, and the type of account.  The Guidelines also require debtors to close their books and records as of the petition date and to open new books and records.  These requirements are designed to provide a clear line of demarcation between prepetition and post-petition transactions and operations and to prevent the inadvertent post-petition payment of prepetition claims. As outlined above, through this Motion, the Debtors seek certain relief from these requirements.

18.    The Debtors seek a waiver of the requirement that they open a new set of books and records as of the Petition Date.  The Debtors respectfully submit that opening a new set of

books and records would create unnecessary administrative burdens and hardship and would cause unnecessary expense, utilization of resources, and delay.  With the use of computer technology, it is now easy to differentiate between pre- and post-petition transactions by date. The Debtors, in the ordinary course of their business, use many checks, invoices, receipts, stationery, and other business forms.  In light of the nature and scope of the business in which the Debtors are engaged, the numerous other parties with whom the Debtors deal, the Debtors need to use their existing business forms without alteration or change.  A substantial amount of time and expense would be required in order to print new checks and other business forms. Fulfillment of the requirement would likely delay payment of post-petition payroll and other vendors and suppliers to the Debtors' business, which could have a catastrophic impact on the Debtors' operations.  Accordingly, the Debtors respectfully request that they be authorized to continue to use their existing business forms and to maintain their existing business records.

19.    In addition, Section 345(b) of the Bankruptcy Code sets forth specific requirements for deposits or investments that are not "insured or guaranteed by the United States or by a department, agency, or instrumentality of the United States or backed by the full faith and credit of the United States . . ."  For such deposits or investments, Section 345(b) requires, from the entity with which the money is deposited or invested, a bond in favor of the United States secured by the undertaking of a surety, or, in the alternative, a deposit of securities of the kind specified in section 9303 of title 31.  These requirements may be waived by the Court "for cause."

20.    Because of the nature of the Debtors' cases, and the nature, extent and complexity of the Debtors' business operations, the Debtors seek a waiver of the requirements of the Office of the United States Trustee and Section 345.  The benefits of imposing the requirements of the

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363
{Firm Clients/5629/5629-1/01957631.DOCX.}

Office of the United States Trustee in this case are outweighed by the cost and disruption of opening new accounts, obtaining new check stock, manually preparing checks until the new check stock arrives, and the like.  Likewise, "cause" exists to waive the requirements of Section 345.  The Debtors believe that the banks at which they maintain their accounts are financially stable banking institutions, which are located in the United States  and Puerto Rico and are FDIC insured, most of which are authorized depositories pursuant to 11 U.S.C. § 345(b).

21.    Additionally, as explained in detail above, the Bank Accounts comprise an established Cash Management System that the Debtors need to maintain in order to ensure that collections and disbursements from the Bank Accounts are not disrupted and the Debtors' business continues to operate at maximum efficiency and capacity for the benefit of all creditors and parties in interest.

22.    Subject to the foregoing, the Debtors request that their existing accounts be deemed debtor-in-possession accounts, and that their maintenance and continued use be authorized.

23.    However, consistent with the guidelines, G&D is going to close certain accounts and reopen them as follows:

**Close:** [5]

a.  Goodman and Dominguez, Inc., DIP, Case No. 16-10056-RAM, Operating Account;
b.  Goodman and Dominguez, Inc., DIP, Case No. 16-10056-RAM, Tax Account;
c.  Goodman and Dominguez, Inc., DIP, Case No. 16-10056-RAM, Payroll Account;

**Open DIP Accounts bearing DIP and Case No.:**

d.  Goodman and Dominguez, Inc., DIP, Case No. 17-17237-RAM, Operating Account;
e.  Goodman and Dominguez, Inc., DIP, Case No. 17-17237-RAM, Tax Account;
f.  Goodman and Dominguez, Inc., DIP, Case No. 17-17237-RAM, Payroll Account;

---

[5] Certain other accounts which are no longer necessary will be closed and any remaining funds therein will be deposited into the newly opened DIP Operating Account.

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363
{Firm Clients/5629/5629-1/01957631.DOCX.}

24.     None of the accounts which are to remain open make any disbursements.  They are only store deposit accounts or merchant deposit accounts for credit cards, which will be swept into a newly opened DIP Operating Account.

25.     The Debtors also request that they be authorized to continue to use all correspondence, business forms (including without limitation, letterheads, purchase orders, receipts, and invoices) and checks existing immediately prior to the date the Debtors filed for bankruptcy, without reference to the Debtors' status as debtors-in-possession.  Parties doing business with the Debtors undoubtedly will be aware of the Debtors' status as debtors-in-possession as a result of the notoriety of the business and anticipated press coverage. Additionally, each of the Debtors' vendors, servicers, suppliers, lessors, and employees will receive direct notice of the commencement of the Debtors' Chapter 11 cases.

26.     Changing correspondence and business forms would be expensive, unnecessary, and burdensome to the Debtors' estate and disruptive to the Debtors' business operation.  For these reasons, the Debtors request that they be authorized to use existing checks and business forms.

27.     The Debtors also have an e-commerce business which utilizes a Pay Pal account which gets swept, and such funds will be deposited into the DIP Operating Account.

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363
{Firm Clients/5629/5629-1/01957631.DOCX.}

## VI.    Authority for Relief

28.    The Debtors' request for authorization to continue to use their centralized cash management system has been held to be entirely consistent with Section 363(c)(1) of the Bankruptcy Code, which allows a debtor-in-possession to "use property of the estate in the ordinary course of business."  *In re Charter Co.*, 778 F.2d 617, 621 (11th Cir. 1985).

29.    Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  Extensive authority supports the relief the Debtors seek in the Motion.   In other Chapter 11 cases, courts have recognized that strict adherence to the United States Trustee requirements does not in each and every circumstance promote the purposes of a Chapter 11 case.  Accordingly, courts, including courts in this district, have often granted relief from these requirements and replaced them with alternative procedures.  *See, e.g., In re Protective Products of America, Inc., et al.*, Case No. 10-10711-BKC-JKO (Bankr. S.D. Fla. Feb. 11, 2010) (Olson, J.); *In re DM Industries, Ltd.*, Case No. 09-15533-BKC-LMI (Bankr. S.D. Fla. May 15, 2009) (Isicoff, J.); *In re Levitt and Sons, LLC,* Case No. 07-19845-RBR (Bankr. S.D. Fla. January 27, 2009); *In re Gemini Cargo Logistics, Inc., et al.*, Chapter 11 Case No. 08-18173-BKC-AJC (Bankr. S.D. Fla. July 16, 2008) (Cristol, J); *In re Gemini Cargo Logistics, Inc., et al.*, Chapter 11 Case No. 06-10870-BKC-AJC (Bankr S.D. Fla. March 17, 2006) (Cristol, J.); *In re Atlas Worldwide Aviation Logistics, Inc. et al.*; Chapter 11 Case No. 04-10792-BKC-RAM (Bankr. S.D. Fla. Feb. 5, 2004) (Mark, J.).

30.    Without the relief requested in this Motion, the Debtors' business operation as a whole will suffer significant and possibly irreversible adverse consequences.  Any disruption of the Debtors' ability to pay their vendors and suppliers, as well as their employees, could

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363
{Firm Clients/5629/5629-1/01957631.DOCX.}

adversely affect the Debtors' ability to maintain their operations at their current level or to advance a restructuring of the Debtors that will maximize value for all constituents. Accordingly, the Debtors request that the Court enter an order granting the relief requested in this Motion.

**WHEREFORE**, the Debtors respectfully request the entry of an order in the form attached hereto as **Exhibit B** (i) granting the Motion; (ii) authorizing the Debtors' continued use of the existing Cash Management System; (iii) authorizing the Debtors' continued maintenance and use of the existing bank accounts listed in **Exhibit A** attached hereto; (iv) waiving the requirement that certain existing Bank Accounts be closed, and that new debtor-in-possession bank accounts be opened; (v) waiving the requirements of Section 345(b) with respect to a bond in favor of the United States secured by the undertaking of a surety, or, in the alternative, a deposit of securities of the kind specified in section 9303 of title 31; (vi) authorizing the continued use of the Debtors' business forms and checks; (vii) waive the requirement that a new set of books and records be opened; (viii) authorizing G&D to pay all expenses on behalf of the Debtors consistent with the prepetition business operations; and (ix) granting such other and further relief as is just and proper.

Dated: June 9, 2017.

 s/ Joshua W. Dobin
Joshua W. Dobin, Esquire
Florida Bar No. 93696
jdobin@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221

*Proposed Attorneys for the Debtors in Possession*

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363
{Firm Clients/5629/5629-1/01957631.DOCX.}

| Exhibit A to Emergency Motion to Approve Cash Management System | | | | |
|---|---|---|---|---|
| NOTE: Bank accounts in white will remain open and will continue to deposit receipts which G&D sweeps weekly on Thursday, and thereafter, on Friday, will be transferred to the DIP Operating Account. Bank accounts in red will be closed and any funds will be deposited into the DIP Operating Account. Bank accounts in green will be closed and will be reopened or deposited into new DIP accounts. | | | | |
| **Account Holder** | **Bank** | **Bank Location** | **Account No. ending** | **Purpose** |
| GOODMAN AND DOMINGUEZ, INC. | Chase JPMorgan Chase Bank N.A | San Antonio, TX | 0293 | Store Deposit Account |
| GOODMAN AND DOMINGUEZ, INC. | Wells Fargo Bank, N.A. | Portland, OR | 1882 | Store Deposit Account |
| GOODMAN AND DOMINGUEZ, INC. | Chase JPMorgan Chase Bank N.A | San Antonio, TX | 0051 | Store Deposit Account |
| GOODMAN AND DOMINGUEZ, INC. | Chase JPMorgan Chase Bank N.A | San Antonio, TX | 3295 | Store Deposit Account |
| GOODMAN AND DOMINGUEZ, INC. | Suntrust Bank | Nashville, TN | 5111 | Store Deposit Account |
| GOODMAN AND DOMINGUEZ, INC. | Chase JPMorgan Chase Bank N.A | San Antonio, TX | 3328 | Store Deposit Account |
| GOODMAN AND DOMINGUEZ, INC. | Suntrust Bank | Nashville, TN | 5095 | Merchant Account |
| TRAFFIC | IBC International Bank of Commerce | Laredo, TX | 8461 | Store Deposit Account |
| TRAFFIC | IBC International Bank of Commerce | Laredo, TX | 8585 | Store Deposit Account |
| GOODMAN AND DOMINGUEZ, INC. | Wells Fargo Bank, N.A. | Portland, OR | 1897 | Store Deposit Account |
| GOODMAN AND DOMINGUEZ, INC. | Chase JPMorgan Chase Bank N.A | San Antonio, TX | 7217 | Store Deposit Account |
| GOODMAN AND DOMINGUEZ, INC. | Chase JPMorgan Chase Bank N.A | San Antonio, TX | 1267 | Store Deposit Account |
| GOODMAN AND DOMINGUEZ, INC. | Chase JPMorgan Chase Bank N.A | San Antonio, TX | 2122 | Store Deposit Account |
| GOODMAN AND DOMINGUEZ, INC. | Chase JPMorgan Chase Bank N.A | San Antonio, TX | 4894 | Store Deposit Account |
| GOODMAN AND DOMINGUEZ, INC. | Sabadell | Hialeah, FL | 0976 | Store Deposit Account |
| GOODMAN AND DOMINGUEZ, INC. | Bank of America | Wilmington, DE | 6811 | Store Deposit Account |
| GOODMAN AND DOMINGUEZ INC | Bank of America | Wilmington, DE | 1470 | Store Deposit Account |
| GOODMAN AND DOMINGUEZ, INC. | Wells Fargo Bank, N.A. | Portland, OR | 9811 | Store Deposit Account |
| GOODMAN AND DOMINGUEZ, INC. | Wells Fargo Bank, N.A. | Portland, OR | 9573 | Store Deposit Account |
| GOODMAN AND DOMINGUEZ, INC. | Wells Fargo Bank, N.A. | Portland, OR | 9586 | Merchant Account |
| GOODMAN AND DOMINGUEZ INC | Bank of America | Wilmington, DE | 6633 | Merchant Account |
| GOODMAN AND DOMINGUEZ INC | Bank of America | Wilmington, DE | 0229 | Store Deposit Account |
| GOODMAN AND DOMINGUEZ, INC. | Wells Fargo Bank, N.A. | Portland, OR | 5951 | Merchant Account |
| GOODMAN AND DOMINGUEZ, INC. | Wells Fargo Bank, N.A. | Portland, OR | 5977 | Store Deposit Account |
| GOODMAN AND DOMINGUEZ, INC. | Wells Fargo Bank, N.A. | Portland, OR | 7784 | Store Deposit Account |
| GOODMAN AND DOMINGUEZ INC | Bank of America | Wilmington, DE | 3010 | Store Deposit Account |
| GOODMAN AND DOMINGUEZ, INC. | Wells Fargo Bank, N.A. | Portland, OR | 2853 | Store Deposit Account |
| GOODMAN AND DOMINGUEZ, INC. | Wells Fargo Bank, N.A. | Portland, OR | 5731 | Store Deposit Account |

| Account Holder | Bank | Bank Location | Account No. ending | Purpose |
|---|---|---|---|---|
| GOODMAN AND DOMINGUEZ INC | Bank of America | Wilmington, DE | 9431 | Store Deposit Account |
| GOODMAN AND DOMINGUEZ INC | Bank of America | Wilmington, DE | 3025 | Store Deposit Account |
| GOODMAN AND DOMINGUEZ INC | Bank of America | Wilmington, DE | 3041 | Store Deposit Account |
| GOODMAN AND DOMINGUEZ INC | Bank of America | Wilmington, DE | 1630 | Store Deposit Account |
| GOODMAN AND DOMINGUEZ, INC. | Wells Fargo Bank, N.A. | Portland, OR | 9173 | Store Deposit Account |
| GOODMAN AND DOMINGUEZ INC | Bank of America | Wilmington, DE | 6798 | Store Deposit Account |
| GOODMAN AND DOMINGUEZ, INC. | Apple Bank for Saving | New York, NY | 0466 | Store Deposit Account |
| GOODMAN AND DOMINGUEZ, INC. | CitiBank | San Antonio, TX | 8831 | Letters of Credit, if needed, for China Vendor |
| GOODMAN AND DOMINGUEZ, INC. | Bank of America | Wilmington, DE | 0232 | Store Deposit Account |
| GOODMAN AND DOMINGUEZ, INC. | CitiBank | San Antonio, TX | 3882 | Paypal related Account for e-commerce |
| GOODMAN AND DOMINGUEZ, INC. | Capital City Bank | Tallahassee, FL | 7001 | Store Deposit Account |
| GOODMAN AND DOMINGUEZ, INC. | Wells Fargo Bank, N.A. | Portland, OR | 7797 | Store Deposit Account |
| GOODMAN AND DOMINGUEZ, INC. | Capital One Bank, N.A. | Sat Lake City , UT | 5832 | Store Deposit Account |
| GOODMAN AND DOMINGUEZ, INC. | Chase JPMorgan Chase Bank N.A | San Antonio, TX | 2098 | Store Deposit Account |
| GOODMAN AND DOMINGUEZ, INC. | PNC Bank | Pittsburgh, PA | 8393 | Store Deposit Account |
| GOODMAN AND DOMINGUEZ, INC. | Wells Fargo Bank, N.A. | Portland, OR | 7883 | Store Deposit Account |
| GOODMAN AND DOMINGUEZ, INC. | Banco Popular | San Juan, PR | 6925 | Store Deposit Account |
| Traffic Plaza Del Sol Inc. | Banco Popular | San Juan, PR | 563 | Store Deposit Account |
| Traffic Plaza Del Norte Inc. | First Bank | San Juan, PR | 1241 | Store Deposit Account |
| Traffic Plaza Del Sol Inc. | First Bank | San Juan, PR | 1381 | Store Deposit Account |
| GOODMAN AND DOMINGUEZ, INC. | PNC Bank | Pittsburgh, PA | 3214 | Store Deposit Account |
| GOODMAN AND DOMINGUEZ INC | Bank of America | Wilmington, DE | 3556 | Store Deposit Account |
| GOODMAN AND DOMINGUEZ INC | Suntrust Bank | Nashville, TN | 6921 | Payroll DIP Account |
| GOODMAN AND DOMINGUEZ INC | Citibank | San Antonio, TX | 1492 | Operating DIP Account |
| GOODMAN AND DOMINGUEZ INC | Citibank | San Antonio, TX | 1502 | Tax DIP Account |
| TRAFFIC SHOES | Paypal Account | | | E-Commerce account |

EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

GOODMAN AND DOMINGUEZ, INC.,[1]     Case No. 17-17237-RAM
TRAFFIC, INC.,     Case No. 17-17239-RAM
TRAFFIC LAS PLAZAS, INC.,     Case No. 17-17240-RAM
TRAFFIC PLAZA DEL NORTE, INC.,     Case No. 17-17241-RAM
d/b/a TRAFFIC,
d/b/a TRAFFIC SHOES,     Chapter 11
     Jointly Administered

     Debtors.
_____/

**ORDER GRANTING DEBTORS' EMERGENCY MOTION FOR
(A) AUTHORITY TO (I) MAINTAIN BANK ACCOUNTS AND CONTINUE TO
USE EXISTING BUSINESS FORMS AND CHECKS, AND (II) CONTINUE TO USE
EXISTING CASH MANAGEMENT SYSTEM, AND (B) WAIVER OF
CERTAIN INVESTMENT AND DEPOSIT GUIDELINES**

**THIS MATTER** came before the court on _____, 2017 at ____ ___.m. upon the

*Debtors' Emergency Motion for (A) Authority to (I) Maintain Existing Bank Accounts and*

*Continue to Use Existing Business Forms and Checks, and (II) Continue to Use Existing Cash*

---

[1]The Debtors' current mailing address is 10701 NW 127 St, Medley, FL 33178.  G&D and TI both use EIN 59-2268839.  Las Plazas's EIN is 66-0726918 and Plaza del Norte's EIN is 66-0719972.

1

*Management System, and (B) Waiver of Certain Investment and Deposit Guidelines* [ECF No.

____] (the "***Motion***").[2]  The Court having reviewed the Motion and having heard the statements

of counsel in support of the relief requested in the Motion at the hearing before the Court (the

"***Hearing***"); and the Court finding that: (i) the Court has jurisdiction over this matter pursuant to

28 U.S.C. §§ 157 and 1334; (ii) venue is proper before this Court pursuant to 28 U.S.C. § 1408;

(iii) this matter is core pursuant to 28 U.S.C. § 157(b)(2); (iv) notice of the Motion and the

Hearing was sufficient under the circumstances; and (v) the Court having determined that the

legal and factual bases set forth in the Motion and at the Hearing establish just cause for the

relief granted herein, it is accordingly:

**ORDERED** as follows**:**

1.       The Motion is **GRANTED** on a final basis *nunc pro tunc* to the Petition Date,

June 9, 2017, as set forth herein.

2.       The Debtors require the use of certain of their existing prepetition Bank Accounts

in order to continue operations in the ordinary course of its business.[3]

3.       The Debtors are permitted to continue to use their Bank Accounts maintained in

their name, respectively.

4.       The Debtors are authorized to (a) designate, maintain and continue to use the

Bank Accounts and with the account numbers existing immediately prior to the Petition Date;

*provided, however,* that the Debtors may close certain such Bank Accounts and may only open

new debtor-in-possession accounts in compliance with all UST Guidelines as may be necessary,

in the Debtors' business judgment, to facilitate the Debtors' chapter 11 case. The Debtors may

only deposit funds in the pre-petition accounts and those accounts shall be swept weekly into a

---

[2] Capitalized terms not defined in this Order shall have the meaning ascribed to such term as set forth in the Motion.
[3] A complete listing of the Bank Accounts is attached to the Motion.

Debtor in Possession account via a prepetition operating account, and no other transfers shall be permitted from those pre-petition accounts during the chapter 11 cases. The Debtors and all of the banking institutions with prepetition accounts shall treat those prepetition accounts as debtor in possession accounts.

5.     The Debtors are directed to maintain records of all transfers within the Bank Accounts so that all transfers and transactions shall be adequately and promptly documented in, and readily ascertainable from, its books and records, to the same extent maintained by the Debtors prior to the Petition Date and all such activity shall be reported in the Debtors monthly operating reports.

6.     All banks with which the Debtors maintain the Bank Accounts as of the Petition Date are authorized and directed to maintain, service, and administer such Bank Accounts in accordance with this Order.

7.     Subject to Section 553 of the Bankruptcy Code, all banks at which any of the Debtors' accounts are maintained are prohibited from offsetting, affecting, or otherwise impeding any funds of the Debtors deposited at such bank on account of, or by reason of, any claim (as defined in section 101(5) of the Bankruptcy Code) of any such bank against the Debtors that arose before the Petition Date, absent further order of this Court or as specifically set forth herein.

8.     To the extent applicable, Wells Fargo Bank, N.A. (*"Wells Fargo"*) is authorized to debit the Debtors' accounts in the ordinary course of business without need for further order of this Court for all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to Wells Fargo as service charges for the maintenance of the cash management system. Further, all provisions with respect to termination and service and maintenance fees under the existing

3

agreements between the Debtors and Wells Fargo with respect to the maintenance of the Wells Fargo accounts and cash management system shall remain in full force and effect.  The Debtors and Wells Fargo may, without further Order of this Court, agree to and implement changes to the cash management systems and procedures in the ordinary course of business, including, without limitation, the opening and closing of bank accounts, except that any new account that is opened must be a Debtor in Possession account in compliance with the UST Guidelines.

9.    The Debtors are authorized to continue to use their preprinted checks, correspondence and business forms, including, but not limited to, purchase orders, receipts, letterhead, envelopes, promotional materials and other business forms, substantially in the forms existing immediately prior to the Petition Date, without reference to the Debtors' debtors-in-possession status; provided that the Debtors will add the "Debtor-in-Possession" designation to any new checks that they obtain or create post-petition.

10.    The Debtors and their officers, employees, and agents are authorized to take or refrain from taking such actions as are necessary and appropriate to implement and effectuate the relief granted in this Order.

REMAINDER OF PAGE LEFT INTENTIONALLY BLANK

11.     This Court shall retain jurisdiction over all matters arising from or related to the

interpretation and implementation of this Order.

###

**Submitted By:**
Joshua W. Dobin, Esquire
Florida Bar Number: 93696
jdobin@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
*Proposed Counsel for Debtors-in-Possession*
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone:     (305) 358-6363
Telefax:        (305) 358-1221

**Copies Furnished To:**
Joshua W. Dobin, Esquire, is directed to serve copies of this Order on all parties in interest and
to file a Certificate of Service.