UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

In re:

| | |
|---|---|
| GOODMAN AND DOMINGUEZ, INC.,[1] | Case No. 17-17237-RAM |
| TRAFFIC, INC., | Case No. 17-17239-RAM |
| TRAFFIC LAS PLAZAS, INC., | Case No. 17-17240-RAM |
| TRAFFIC PLAZA DEL NORTE, INC., | Case No. 17-17241-RAM |
| d/b/a TRAFFIC, | |
| d/b/a TRAFFIC SHOES, | Chapter 11 |
| | Jointly Administered |
| Debtors. | |
| _____/ | |

# DEBTORS' EMERGENCY MOTION FOR AUTHORIZATION TO (I) CONTINUE THEIR INSURANCE PROGRAMS; AND (II) PAY ALL INSURANCE OBLIGATIONS

## Basis for Requested Emergency Hearing

The Debtors respectfully request that the Court conduct a hearing on this Motion consistent with Local Rule 9013-1(F). The Debtors operate a retail shoe business requiring certain insurance remain in place, and it is therefore critical that the Debtors obtain immediate approval to pay insurance premiums. Absent the ability to pay insurance premiums, the Debtors will be unable to operate their business and creditors and parties in interest will be severely prejudiced. In contrast, approval of the insurance premium payments will enable the Debtors to continue their operations and allow for an orderly reorganization. The Debtors respectfully request that the Court waive the provisions of Local Rule 9075-1 (B), which requires an affirmative statement that a *bona fide* effort was made in order to resolve the issues raised in this Motion, as the relief requested herein is urgent in nature and does not lend itself to advance resolution.

Goodman and Dominguez, Inc. d/b/a Traffic ("*G&D*" or the "*Debtor*"), Traffic, Inc. ("*TI*"), Traffic Las Plazas, Inc. ("*Las Plazas*"), and Traffic Plaza Del Norte, Inc. ("*Plaza del Norte*") (G&D and TI collectively shall be referred to as the "*FL Debtors*" and Las Plazas and

---

[1] The Debtors' current mailing address is 10701 NW 127 St, Medley, FL 33178. G&D and TI both use EIN 59-2268839. Las Plazas's EIN is 66-0726918 and Plaza del Norte's EIN is 66-0719972.

Plaza del Norte collectively shall be referred to as the "***PR[2] Debtors***" and the FL Debtors and the PR Debtors shall collectively be referred to as the "***Debtors***"), by and through undersigned counsel, and pursuant to 11 U.S.C. §§ 105(a), 363(b), and 503(b)(i) file this motion (the "***Motion***") authorizing, but not directing, the Debtors to (i) maintain their existing insurance policies; and (ii) pay all insurance obligations arising thereunder or in connection therewith. In support of the Motion, the Debtors respectfully represent as follows:

### I.  Jurisdiction and Venue

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

### II.  Background

2. On June 9, 2017, (the "***Petition Date***"), the Debtors filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code.

3. The Debtors are operating their business and managing their affairs as debtors in possession. 11 U.S.C. §§ 1107(a) and 1108.

4. The Debtors' own and operate a closely-held business in the retail shoe industry and on-line sales via e-commerce at www.trafficshoe.com. The business, which started in Miami in 1989 with just one store, strives to provide the hottest footwear to a fashion forward, budget conscious consumer.

### III.  The Debtors' Insurance Programs

5. In connection with the operation of its business, the Debtors maintain various insurance policies (see summary attached hereto as **Exhibit A**) (the "***Insurance Policies***").

---

[2] PR refers to the Puerto Rican entities.

6. As set forth below and on **Exhibit A**, the Insurance Policies include coverage for general liability, workers compensation and employers' liability, automobile liability, and excess liability.

7. As of the Petition Date, the Debtors are current on all premium obligations arising under the Insurance Policies (the "*Insurance Obligations*").

8. The policies are essential to the ongoing operation of the Debtors' business.

### IV.     Relief Requested

9. The Debtors request authority, but not direction, pursuant to sections 105(a), 363(b), and 503(b) of the Bankruptcy Code, to (i) maintain their existing Insurance Policies; and (ii) pay all Insurance Obligations arising thereunder or in connection therewith, whether arising prepetition or postpetition.

### V.     Basis for Relief

10. The Court has authority pursuant to sections 503(b), 363(b) and 105(a) of the Bankruptcy Code to grant the relief requested herein. Section 503(b)(I) of the Bankruptcy Code provides that, "[a]fter notice and a hearing, there shall be allowed, administrative expenses [ ], including . . . the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A). Accordingly, the Court can authorize the Debtors to use estate funds to pay any Insurance Obligations arising or relating to the period after the Petition Date.

11. Pursuant to section 363(b) of the Bankruptcy Code, the Court also can authorize the Debtors to pay Insurance Obligations arising or relating to the period before the Petition Date. *See In re Ionosphere Clubs, Inc.,* 98 BR. 174, 175 (Bankr. S.D.N.Y. 1989) (authorizing payment of certain prepetition obligations under section 363(b)). Section 363(b) provides that "the trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course

of business, property of the estate." 11 U.S.C. § 363(b)(l). To approve the use of a debtor's assets outside the ordinary course of business under section 363(b), a court must find that a "good business reason" exists for the use of such assets. *See, e.g., Official Comm. of Unsecured Creditors v. Enron Corp. (In re Enron Corp.)*, 335 B.R. 22, 27-28 (S.D.N.Y. 2005) (quoting *In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983)).

12. The business judgment rule is satisfied where "'the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company."' *Official Comm. of Subordinated Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.)*, 147 B.R. 650, 656 (S.D.N.Y. 1992) (*quoting Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)), appeal dismissed, 3 F.3d 49 (2d Cir. 1993). "Where the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." *Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986).

13. Additionally, the Court has the authority, pursuant to its equitable powers under section 105(a) of the Bankruptcy Code, to authorize the Debtors to pay or otherwise satisfy any Insurance Obligation because such payments are necessary for the Debtors to carry out their fiduciary duties under section 1107(a) of the Bankruptcy Code. Section 1107(a) "contains an implied duty of the debtor-in-possession" to act as a fiduciary to "protect and preserve the estate, including an operating business' going-concern value," on behalf of the debtor's creditors and other parties in interest. *In re CEI Roofing, Inc.*, 315 B.R. 50, 59 (Bankr. N.D. Tex. 2004) (quoting *In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002)); *see also Unofficial Comm. of Equity Holders v. McManigle (In re Penick Pharm., Inc.)*, 227 B.R. 229, 232-33

(Bankr. S.D.N.Y. 1998) ("upon filing its petition, the Debtor became debtor in possession and, through its management . . . was burdened with the duties and responsibilities of a bankruptcy trustee").  Section 105(a) empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a); *see Schwartz v. Aquatic Dev. Group, Inc. (In re Aquatic Dev. Group, Inc.)*, 352 F.3d 671, 680 (2d Cir. 2003) ("it is axiomatic that bankruptcy courts are 'courts of equity, empowered to invoke equitable principles to achieve fairness and justice in the reorganization process'") (quoting *In re Momentum Mfg. Corp.*, 25 F.3d 1132, 1136 (2d Cir. 1994)).

14. It is well-established that Courts consistently have permitted postpetition payment of prepetition obligations where necessary to preserve or enhance the value of a debtor's estate for the benefit of all creditors.  *See, e.g., Miltenberger v. Logansport, C&S W.R. Co*., 106 U.S. 286,312 (1882) (payment of pre-receivership claim prior to reorganization permitted to prevent "stoppage of [crucial] business relations"). The modern application of this "doctrine of necessity" is largely unchanged from the United States Supreme Court's reasoning in *Miltenberger. See Dudley v. Mealey*, 147 F.2d 268, 271 (2d Cir.) (extending doctrine for payment of prepetition claims beyond railroad reorganization cases), *cert. denied*, 325 U.S. 873 (1945); *Mich. Bureau of Workers' Disability Comp. v. Chateaugay Corp. (In re Chateaugay Corp.)*, 80 B.R. 279, 285-86 (S.D.N.Y. 1987) (approving lower court order authorizing payment of prepetition wages, salaries, expenses, and benefits); *In re Lehigh & New Eng. Rv.*, 657 F.2d 570, 581-82 (3d Cir. 1981) ("[I]n order to justify payment under the 'necessity of payment' rule, a real and immediate threat must exist that failure to pay will place the continued operation of the [debtor] in serious jeopardy.").

15.     The "[doctrine of necessity] recognizes the existence of the judicial power to authorize a debtor in a reorganization case to pay pre-petition claims where such payment is essential to the continued operation of the debtor." *In re Ionosphere Clubs, Inc.* 98 B.R. 174, 176 (Bankr. S.D.N.Y. 1989); *see also In re Just for Feet, Inc*., 242 B.R. 821, 826 (D. Del. 1999) (noting that where the debtor "cannot survive" absent payment of certain prepetition claims, the "doctrine of necessity" should be invoked to permit payment); *In re NVR L.P.*, 147 B.R. 126, 127 (Bankr. E.D. Va. 1992) ("[T]he court can permit pre-plan payment of a pre-petition obligation when essential to the continued operation of the debtor."). Indeed, the "doctrine of necessity" functions in Chapter 11 reorganization as a mechanism by which the Court can exercise its equitable power to allow payment of critical prepetition claims not explicitly authorized by the Bankruptcy Code. *See In re Boston & Me. Corp*., 634 F.2d 1359, 1382 (1st Cir. 1980) (recognizing "existence of a judicial power to authorize trustees ... to pay claims [for] goods and services indispensably necessary" to debtors' continued operation); *In re Structurelite Plastics Corp.*, 86 B.R. 922, 931 (Bankr. S.D. Ohio 1988) ("[A] *per se* rule proscribing the payment of pre-petition indebtedness may well be too inflexible to permit the effectuation of the rehabilitative purposes of the Code."). Accordingly, the purpose of the "doctrine of necessity" parallels the ultimate goal of Chapter 11: "facilitating the continued operation and rehabilitation of the debtor." *In re Ionosphere Clubs, Inc., 98 BR.* at 176.

16.     Sound business reasons exist for the Debtors to maintain the Insurance Policies as it is in the best interests of its estate, employees, and creditors. The Debtors cannot operate their business without the Insurance Policies and any interruption in the Debtors' insurance coverage would have a substantially adverse impact upon the Debtors' ability to maintain their business operations and mitigate their liabilities. For instance, inability to pay any Insurance Obligation

could result in one or more of the Insurance Carriers declining to renew an Insurance Program or refusing to enter into new insurance agreements with the Debtors in the future.  If the Insurance Programs lapse without renewal, the Debtors could be exposed to substantial liability to the detriment of all parties in interest.  Accordingly, the continuation of the Insurance Programs and the ability to pay, in the Debtors' discretion, all Insurance Obligations arising under the Insurance Programs is essential to preserve the Debtors' business and the value of the Debtors' estates for all parties in interest.  In addition, in order to comply with the guidelines of the Office of the United States Trustee, the Debtors must maintain the Insurance Programs.

17. A proposed order is attached as **Exhibit B**.

### VI. Reservation of Rights

18. Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtors, a waiver of the Debtors' right to dispute any claim, or an approval or assumption of any agreement, contract, or lease under Bankruptcy Code section 365.  The Debtors expressly reserve their right to contest any claim related to the relief sought herein.  Likewise, if the Court grants the relief sought herein, any payment made pursuant to an order of the Court is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

### VII. Waiver of Bankruptcy Rule 6004(a) and 6004(h)

19. To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day period under Bankruptcy Rule 6004(h).

WHEREFORE, the Debtors respectfully request entry of an order in the form attached as **Exhibit B** granting the relief requested herein and granting such other and further relief this Court deems fair and equitable.

Dated: June 9, 2017.

                    s/ Joshua W. Dobin
                    Joshua W. Dobin, Esquire
                    Florida Bar No. 93696
                    jdobin@melandrussin.com
                    MELAND RUSSIN & BUDWICK, P.A.
                    3200 Southeast Financial Center
                    200 South Biscayne Boulevard
                    Miami, Florida  33131
                    Telephone: (305) 358-6363
                    Telecopy: (305) 358-1221

                    *Proposed Attorneys for the Debtors*

EXHIBIT A

# INSURANCE-2017

| INSURANCE | ACCOUNT | TYPE |
|---|---|---|
| COLONIAL LIFE | E4330460 | Health |
| AMERICAN PUBLIC LIFE | Group # 16628 | Health |
| HUMANA | 209380 | Health |
| GUARDIAN | Group # 00530286 | Health |
| FLORIDA BLUE | Group # 59293/002 | Health |
| NATIONWIDE-1 | 841584604 | Liability |
| NATIONWIDE-2 | 917954212 | Liability |
| THE HARTFORD-1 | 13023924 | Liability |
| THE HARTFORD-2 | 14931060 | Liability |
| THE ZENITH | M1073607 | Workers comp |

EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

In re:

| | |
|---|---|
| GOODMAN AND DOMINGUEZ, INC.,[1] | Case No. 17-17237-RAM |
| TRAFFIC, INC., | Case No. 17-17239-RAM |
| TRAFFIC LAS PLAZAS, INC., | Case No. 17-17240-RAM |
| TRAFFIC PLAZA DEL NORTE, INC., | Case No. 17-17241-RAM |
| d/b/a TRAFFIC, | |
| d/b/a TRAFFIC SHOES, | Chapter 11 |
| | Jointly Administered |
| Debtors. | |
| _____/ | |

**ORDER GRANTING DEBTORS' EMERGENCY MOTION
FOR AUTHORIZATION TO (I) CONTINUE THEIR
INSURANCE PROGRAMS; AND (II) PAY ALL INSURANCE OBLIGATIONS**

**THIS MATTER** came before the Court on _____, 2017 at ____ __.m. upon the

*Debtors' Emergency Motion for Authorization to (I) Continue its Insurance Programs; and (II)*

*Pay All Insurance Obligations* (the "***Motion***") [ECF No. _____]. The Court having reviewed

---

[1] The Debtors' current mailing address is 10701 NW 127 St, Medley, FL 33178.  G&D and TI both use EIN 59-2268839.  Las Plazas's EIN is 66-0726918 and Plaza del Norte's EIN is 66-0719972.

1

the Motion, having heard the statements of counsel in support of the relief requested in the Motion at the hearing before the Court (the "*Hearing*"); and the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) venue is proper before this Court pursuant to 28 U.S.C. § 1408; (c) this matter is core pursuant to 28 U.S.C. § 157(b)(2); (d) notice of the Motion and the Hearing was sufficient under the circumstances; and (e) the Court having determined, therefore, that just cause exits to grant the relief requested in the Motion as set forth herein. It is accordingly:

**ORDERED AND ADJUDGED** as follows**:**

1. The Motion is **GRANTED** as set forth herein.

2. The Debtors are authorized to continue their Insurance Programs[2] and to perform with respect to all of the Insurance Obligations.

###

**Submitted By:**
Joshua W. Dobin, Esquire
Florida Bar No. 93696
jdobin@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
*Proposed Attorneys for the Debtor in Possession*
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone:    (305) 358-6363
Telefax:    (305) 358-1221

**Copies Furnished To:**
Joshua W. Dobin, Esquire, is directed to serve copies of this Order on all parties in interest and to file a Certificate of Service.

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

2