UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

| | |
|---|---|
| GOODMAN AND DOMINGUEZ, INC.,[1] | Case No. 17-17237-RAM |
| TRAFFIC, INC., | Case No. 17-17239-RAM |
| TRAFFIC LAS PLAZAS, INC., | Case No. 17-17240-RAM |
| TRAFFIC PLAZA DEL NORTE, INC., | Case No. 17-17241-RAM |
| d/b/a TRAFFIC, | |
| d/b/a TRAFFIC SHOES, | Chapter 11 |
| | Jointly Administered |
| Debtors. | |
| _____/ | |

**DEBTORS' EMERGENCY MOTION PURSUANT TO SECTIONS 105(A), 363(B), AND 503(B)(1) OF THE BANKRUPTCY CODE FOR AUTHORIZATION TO HONOR CERTAIN PREPETITION CUSTOMER PROGRAMS**

**Basis for Requested Emergency Hearing**

The Debtors respectfully request that the Court conduct a hearing on this Motion consistent with Local Rule 9013-1(F). The Debtors have determined that this relief is necessary, in order to ensure customer satisfaction, develop and sustain customer loyalty, improve profitability, and generate goodwill for the Debtors and their products, thereby retaining current customers, attracting new ones, and ultimately enhancing net income. The Debtors respectfully request that the Court waive the provisions of Local Rule 9075-1 (B), which requires an affirmative statement that a bona fide effort was made in order to resolve the issues raised in this Motion, as the relief requested herein is urgent in nature and does not lend itself to advance resolution.

Goodman and Dominguez, Inc. d/b/a Traffic ("*G&D*" or the "*Debtor*"), Traffic, Inc. ("*TI*"), Traffic Las Plazas, Inc. ("*Las Plazas*"), and Traffic Plaza Del Norte, Inc. ("*Plaza del Norte*") (G&D and TI collectively shall be referred to as the "*FL Debtors*" and Las Plazas and Plaza del Norte collectively shall be referred to as the "*PR[2] Debtors*" and the FL Debtors and the PR Debtors shall collectively be referred to as the "*Debtors*"), by and through undersigned counsel, pursuant to 11 U.S.C. §§ 105(a), 363(b), and 503(b)(1) of the Bankruptcy Code, file this

---

[1] The Debtors' current mailing address is 10701 NW 127 St, Medley, FL 33178. G&D and TI both use EIN 59-2268839. Las Plazas's EIN is 66-0726918 and Plaza del Norte's EIN is 66-0719972.

[2] PR refers to the Puerto Rican entities.

motion (the "*Motion*") seeking entry of an order authorizing the Debtors to honor certain prepetition customer programs. In support of the Motion, the Debtors respectfully represent as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are Sections 105(a), 363(b), and 503(b)(1) of the Bankruptcy Code, Rule 6003 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*") and Local Rule 9013-1(I).

### Procedural Background

4. On June 9, 2016 (the "*Petition Date*"), the Debtors filed their voluntary petitions under Chapter 11 of the United States Bankruptcy Code.

5. The Debtors are operating their business and managing their affairs as a debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

6. The Debtors' own and operate a closely-held business in the retail shoe industry and on-line sales via e-commerce at www.trafficshoe.com. The business, which started in Miami in 1989 with just one store, strives to provide the hottest footwear to a fashion forward, budget conscious consumer.

### Relief Requested

7. Prior to commencement of these chapter 11 cases, both in the ordinary course of business and as customary in the retail industry, the Debtors engaged in certain activities to develop and sustain a positive reputation with the consumers to whom the Debtors market their

products (collectively, the "*Customers*"). To that end, the Debtors implemented various customer programs and policies (collectively, the "*Customer Programs*") designed to ensure customer satisfaction, drive sales, meet competitive pressures, develop and sustain customer loyalty, improve profitability, and generate goodwill for the Debtors and their products, thereby retaining current customers, attracting new ones, and ultimately enhancing net income. By this Motion, pursuant to sections 105(a), 363(b), and 503(b)(l) of the Bankruptcy Code, the Debtors seek authority to continue the Customer Programs in the ordinary course of business and to perform and honor up to approximately $365,958 of their prepetition obligations thereunder.[3]

## The Customer Programs

8. The benefits of the Customer Programs are integral to the Debtors' efforts to stabilize their business, restore vitality, and ultimately deliver the most value to all stakeholders in these chapter 11 cases. The Debtors believe they must quickly assure Customers of the Debtors' continued ability to fulfill their obligations under the prepetition Customer Programs in order to maintain their valuable customer relationships following the commencement of these chapter 11 cases, particularly given the increased pressure from competitors that the Debtors believe will inevitably arise.

9. The following are general descriptions of the Debtors' Customer Programs:

a) In the ordinary course of business, the Debtors sell gift cards ("*Gift Cards*") to customers. As of June 8, 2017, the Debtors have gift card liability in the amount of $65,244.89. Gift Cards do not expire.

---

[3] Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtors, a waiver of the Debtors' right to dispute any claim, or an approval or assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code. Likewise, if this Court grants the relief sought herein, any payment made pursuant to the Court's order granting this Motion is not intended and should not be construed to be an admission as to the validity of any claim or a waiver of the Debtors' right to subsequently dispute such claim.

b) In the ordinary course of business, the Debtors permit a customer to return a purchase within seven (7) days from the purchase date for a store credit ("**Store Credits**"). As of June 8, 2017, the Debtors have Store Credit liability in the amount of $300,713.17. Store Credits do not expire.

10. Gift Cards and Store Credits may only be used at store locations and not online (e-commerce).

**Ample Support Exists to Authorize the Debtors to Continue Their Customer Programs**

11. The Debtors seek authorization pursuant to sections 105(a), 363(b), and 503(b)(1) of the Bankruptcy Code to maintain and continue the Customer Programs and to honor their undisputed prepetition obligations in respect thereof, in the ordinary course of business without interruption in accordance with prepetition practices.

12. Sections 1107(a) and 1108 of the Bankruptcy Code authorize a debtor in possession to continue to operate its business. 11 U.S.C. §§ 1107(a), 1108. Pursuant to section 503(b)(1) of the Bankruptcy Code, a debtor may incur, and the court, after notice and a hearing, shall allow as administrative expenses, among other things, "the actual, necessary costs and expenses of preserving the estate." *Id.* § 503(b)(l). In addition, pursuant to section 363(b) of the Bankruptcy Code, a debtor may, in the exercise of its sound business judgment and after notice and a hearing, use property of the estate outside of the ordinary course of business. *Id.* § 363(b). The Debtors believe the use of estate funds to continue the Customer Programs is permitted by sections 503(b)(l) and 363(b) as necessary costs of preserving the estate. Honoring the Customer Programs will enable the Debtors to retain valuable relationships which, in turn, will help strengthen the Debtors' business.

13. Additionally, section 507(a)(7) of the Bankruptcy Code establishes a priority

for "unsecured claims of individuals, to the extent of $2,850 for each such individual, arising from the deposit, before the commencement of the case, of money in connection with the purchase, lease, or rental of property, or the purchase of services, for the personal, family, or household use of such individuals, that were not delivered or provided." *Id.* § 507(a)(7). The Debtors submit that the holders of Gift Cards issued prepetition may be entitled to priority claims under section 507(a)(7) of the Bankruptcy Code if the Court does not authorize the Debtors to honor same. *In re WW Warehouse, Inc.,* 313 B.R. 588 (Bankr. D. Del. 2004) (finding that gift certificate holders are entitled to priority status under 507(a)(7)). As priority claimholders, holders of the certificates would be paid in full before any general unsecured obligations of the Debtors are satisfied. Accordingly, the relief requested may affect only the timing of the Debtors' performance of their obligations to honor the certificates and will not prejudice the rights of general unsecured creditors or other parties in interest.

14.     Furthermore, to supplement the explicit powers described above, section 105(a) of the Bankruptcy Code authorizes the "court [to] issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." *Id.* § 105(a). Numerous courts have used their section 105(a) powers under the "doctrine of necessity" to authorize payment of prepetition obligations where, as here, such payment is essential to the debtor's business. *See, e.g, In re Justfor Feet, Inc.,* 242 B.R. 821, 825 (D. Del. 1999) ("The Supreme Court, the Third Circuit and the District of Delaware all recognize the court's power to authorize the payment of prepetition claims when such payment is necessary for the debtor's survival during Chapter 11."); *In re Ionosphere Clubs, Inc.,* 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) ("The ability of a Bankruptcy Court to authorize the payment of pre-petition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel

concept.") (citation omitted); *In re Gulf Air, Inc.,* 112 B.R. 152, 153 (Bankr. W.D. La. 1989) ("While prepetition claims are normally disposed of in a plan of reorganization and in accordance with statutory priorities, there are well-established 'necessity of payment' and similar exceptions."); *see also In re Lehigh & N. England Ry. Co.,* 657 F.2d 570,581 (3d Cir. 1981); *In re Tropical Sportswear Int'l Corp.,* 320 B.R. 15 (Bankr. M.D. Fla. 2005) (recognizing and applying sections 105(a) and 363 of the Bankruptcy Code to justify the payment of prepetition obligations in appropriate circumstances); *In re NVR L.P.,* 147 B.R. 126, 127 (Bankr. E.D. Va. 1992) ("Under Section 105, the court can permit pre-plan payment of a pre-petition obligation when essential to the continued operation of the debtor.") (citing *Ionosphere Clubs,* 98 B.R. at 177).

15. The continuity, viability, and revitalization of the Debtors' business is dependent on the development and maintenance of the loyalty of their Customers. It is essential that the Debtors be permitted to continue the Customer Programs and honor their prepetition obligations thereunder. If the Debtors are unable to do so, their operations will be irreparably harmed.

16. The Customer Programs are standard practice in the specialty retail industry. The Debtors' principal competitors maintain programs similar, if not identical, to those offered by the Debtors. As such, Customers have come to expect these types of programs to be offered in the ordinary course of business by all participants in the Debtors' industry, including the Debtors.

17. The Debtors' ability to continue the Customer Programs, which have proven beneficial, is necessary to reassure Customers and preserve goodwill. The Debtors submit that the resulting benefit of continued Customer satisfaction and loyalty during the pendency of

these cases will far exceed the cost of such programs. Considering the potential for loss of competitiveness absent the relief requested herein, and the resulting impact on the Debtors' business, the Debtors submit that their request for authorization to continue the Customer Programs in the ordinary course of business and to perform and honor their prepetition obligations thereunder, as they deem appropriate in their business judgment, without further application to the Court, is in the best interest of the Debtors, their estates, and their creditors, and should be approved in all respects.

18. The Debtors submit that because the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtors for the reasons set forth herein, Rule 6003 of the Federal Rules of Bankruptcy Procedure has been satisfied.

19. To successfully implement the foregoing, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen day stay under Bankruptcy Rule 6004(h).

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**WHEREFORE**, the Debtors respectfully request the entry of an order in the form attached hereto as **Exhibit A** (i) granting the Motion; (ii) authorizing the Debtors to continue the Customer Programs in the ordinary course of business and to perform and honor their prepetition obligations thereunder; and (iii) granting such other and further relief as is just and proper.

Dated: June 9, 2017.

        /s/ Joshua W. Dobin
Joshua W. Dobin, Esquire
Florida Bar No. 93696
jdobin@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221

*Proposed Attorneys for the Debtors in Possession*

EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

In re:

GOODMAN AND DOMINGUEZ, INC.,[1]         Case No. 17-17237-RAM
TRAFFIC, INC.,                          Case No. 17-17239-RAM
TRAFFIC LAS PLAZAS, INC.,               Case No. 17-17240-RAM
TRAFFIC PLAZA DEL NORTE, INC.,          Case No. 17-17241-RAM
d/b/a TRAFFIC,
d/b/a TRAFFIC SHOES,                    Chapter 11
                                        Jointly Administered
     Debtors.
_____/

**ORDER GRANTING DEBTORS' EMERGENCY MOTION PURSUANT TO SECTIONS 105(A), 363(B), AND 503(B)(1) OF THE BANKRUPTCY CODE FOR AUTHORIZATION TO HONOR CERTAIN PREPETITION CUSTOMER PROGRAMS**

**THIS MATTER** came before the Court on _____, 2017 at \_\_\_\_ \_\_\_.m. upon the

*Debtors' Emergency Motion Pursuant to Sections 105(a), 363(b), and 503(b)(1) of the*

*Bankruptcy Code for Authorization to Honor Certain Prepetition Customer Programs* [ECF No.

\_\_\_\_\_] (the "***Motion***").  The Court, having considered the Motion, finding that: (a) the Court has

---

[1] The Debtors' current mailing address is 10701 NW 127 St, Medley, FL 33178.  G&D and TI both use EIN 59-2268839.  Las Plazas's EIN is 66-0726918 and Plaza del Norte's EIN is 66-0719972.

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (c) this matter is core pursuant to 28 U.S.C. § 157(b)(2); (d) notice of the Motion and the hearing thereon was sufficient under the circumstances; and (e) the Court having determined that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein, it is accordingly:

**ORDERED AND ADJUDGED** as follows:

1.  The Motion is **GRANTED**.

2.  The Debtors[2] are authorized, but not directed, pursuant to sections 105(a), 363(b), and 503(b)(1) of the Bankruptcy Code, to continue the Customer Programs, and to provide refunds in connection with returned or reversed e-commerce sales, in the ordinary course of their business in the same manner and on the same basis as the Debtors implemented and maintained prior to commencement of their chapter 11 cases.

3.  The Debtors are authorized, but not directed, to honor all prepetition obligations relating to the Customer Programs in the ordinary course of business, in the same manner and on the same basis as the Debtors honored such obligations prior to commencement of the chapter 11 cases.

4.  Rule 6003 of the Bankruptcy Rules has been satisfied.

5.  The requirements of Bankruptcy Rule 6004(a) and 6004(h) are waived and the terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

6.  Further, nothing in this Order or Motion shall be construed as prejudicing any rights the Debtors may have to contest the amount or basis of any prepetition or postpetition obligations relating to the Customer Programs.

---

[2] Capitalized terms used herein shall have the meanings ascribed in the Motion.

7.      The Court shall retain jurisdiction over this matter to provide for such additional and further relief necessary to enforce the terms and conditions of this Order.

###

**Submitted By:**
Joshua W. Dobin, Esquire
Florida Bar No. 93696
jdobin@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
*Proposed Attorneys for the Debtors*
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone:    (305) 358-6363
Telefax:       (305) 358-1221

**Copies Furnished To:**
Joshua W. Dobin, Esquire, is directed to serve copies of this Order on all parties in interest and to file a Certificate of Service.