UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| GOODMAN AND DOMINGUEZ, INC., | Case No. 17-17237-RAM |
| TRAFFIC, INC., | Case No. 17-17239-RAM |
| TRAFFIC LAS PLAZAS, INC., and | Case No. 17-17240-RAM |
| TRAFFIC PLAZA DEL NORTE, INC., | Case No. 17-17241-RAM |
| Debtors.[1] _____/ | *Emergency Hearing Requested on June 12, 2017 at 10:00 a.m.* |

**SIMON PROPERTY GROUP, INC.'S**
**EMERGENCY MOTION TO DISMISS CHAPTER 11 CASES**

Simon Property Group, Inc., on behalf of itself and its affiliated entities ("**Simon**"), by and through the undersigned counsel files this Emergency Motion to Dismiss Chapter 11 Cases (the "**Motion to Dismiss**") and, in support thereof, respectfully states:

**Preliminary Statement**

After the Reorganized Debtors (as defined herein) defaulted on their post-confirmation obligations to Simon and other landlords to pay rent under certain nonresidential real property leases assumed under a confirmed and effective Chapter 11 plan of reorganization that the Reorganized Debtors have admitted has not been substantially consummated, the Reorganized Debtors filed new Chapter 11 petitions to (i) avoid the express result of Section 365(g)(2)(a) of the Bankruptcy Code, which would grant Simon administrative expense priority for its unpaid rent and rejection damages claims based upon the Reorganized Debtors' post-assumption rejection of such leases, (ii) improperly obtain a second 120-day period to assume or reject nonresidential real property leases that have already been assumed, and (iii) improperly interpose a new automatic stay to forestall the efforts of Simon to evict the Reorganized Debtors and obtain possession of the premises under the defaulted leases. However, the Reorganized Debtors cannot be debtors in simultaneous Chapter 11 cases

---

[1] The debtors have requested that these cases be jointly administered in Case No. 17-17237-RAM.

seeking to reorganize the same debts and, in any event, the new Chapter 11 cases were filed in a bad faith.

**Jurisdiction and Venue**

1. This Court has jurisdiction over this Motion to Dismiss pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

**Background**

2. On January 4, 2016, Goodwin and Dominguez, Inc. and its affiliated co-debtors Traffic, Inc., Traffic Las Plazas, Inc., and Traffic Plaza Del Norte, Inc., d/b/a Traffic Shoes (collectively, the "**Reorganized Debtors**"), filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") and those cases remain pending before this Court and are jointly administered under Case No. 16-10056-RAM (the "**Pending Chapter 11 Cases**").[2]

3. On September 14, 2016, the Court in the Pending Chapter 11 Cases granted the Debtors' Motion to Assume Unexpired Leases for Non-Residential Real Property and approved the assumption of several leases. [ECF No. 261.][3]

4. On December 28, 2016, in the Pending Chapter 11 Cases, this Court entered an Order Confirming the Plan Proponents' Second Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, Dated November 4, 2016, As Amended (the "**Confirmation Order**"). [ECF No. 399.] Pursuant to the confirmed plan in the Pending Chapter 11 Cases (the "**Plan**"), the Debtors' assumed numerous non-residential leases, including 12 leases held by Simon (the "**Simon Leases**"). [*See* ECF. Nos. 365, 387, 454.]

---

[2] The case numbers for the Pending Chapter 11 Cases are: Goodman and Dominquez, Inc., Case No. 16-10056-RAM; Traffic, Inc., Case No. 16-10060-RAM; Traffic Las Plazas, Inc., Case No. 16-10061-RAM; and Traffic Plaza Del Norte, Inc., Case No. 16-10062-RAM.

[3] Unless otherwise indicated, all references to the docket are to the docket in the Pending Chapter 11 Cases.

2

5. The Effective Date of the Plan occurred on January 17, 2017. [ECF No. 409.]

6. As a result of the Reorganized Debtors' failure to make the initial installment payment of $325,000.00 to the general unsecured creditors required under the terms of the Plan, on March 1, 2017, the Creditors' Committee filed a motion to enforce the Confirmation Order or to undo the effective date of the Plan and convert the cases to Chapter 7 (the "**Enforcement/Conversion Motion**"). [ECF No. 422.] The Enforcement/Conversion Motion is scheduled to be heard on June 12, 2017. [ECF No. 453.]

7. As a result of the Reorganized Debtors' post-confirmation defaults on the Simon Leases assumed under the confirmed Plan, on April 27, 2017, Simon filed a Motion for Relief from Stay or, in the Alternative, an Order Compelling Debtor to Immediately Pay Post-Confirmation Rent (the "**Stay Relief Motion**"). [ECF No. 454.] Simon's Stay Relief Motion is also scheduled to be heard on June 12, 2017. [ECF No. 476.]

8. Thereafter CBL & Associates Management, Inc., GGP Limited Partnership, and Dolphin Mall Associates, LLC also filed motions for stay relief based upon the Reorganized Debtors' defaults in payment of their assumed leases. [ECF Nos. 458, 461, and 474.]

9. On May 26, 2017, the Reorganized Debtors filed a Motion to Modify Second Amended Plan of Reorganization alleging unforeseen circumstances involving the deterioration of the retailers in shopping malls (the "**Motion to Modify**"). [ECF No. 484.] In the Motion to Modify, the Reorganized Debtors admit that the Pending Chapter 11 Cases have not been substantially consummated. *Id.* at 2 ("The Plan has not been substantially consummated.")

10. On June 9, 2017, the Reorganized Debtors filed voluntary petitions under Chapter 11 of the Bankruptcy Code commencing the instant Chapter 11 cases (the "**New Chapter 11 Cases**"). [ECF No. 495.]

**Relief Requested**

11. The New Chapter 11 Cases must be dismissed for lack of subject-matter jurisdiction because a chapter 11 debtor may not seek to reorganize the same debts in two simultaneously pending chapter 11 cases. The seminal case for this proposition is *Freshman v. Atkins*, 269 U.S. 121 (1925). In *Atkins* the Supreme Court held:

> A proceeding in bankruptcy has for one of its objects the discharge of the bankrupt from his debts. In voluntary proceedings, as both of these were, that is the primary object. Denial of a discharge from the debts provable, or failure to apply for it within the statutory time, bars an application under a second proceeding for discharge from the same debts . . . . A proceeding in bankruptcy has the characteristics of a suit, and since the denial of a discharge, or failure to apply for it, in a former proceeding, is available as a bar, by analogy the pendency of a prior application for discharge is available in abatement as in the nature of a prior suit pending, in accordance with the general rule that the law will not tolerate two suits at the same time for the same cause.

269 U.S. at 122–23.

12. *Atkins* is widely understood as prohibiting simultaneous bankruptcy cases involving the same debts. *See In re Sidebottom*, 430 F.3d 893 (7th Cir. 2005) ("there is general agreement that a debtor may not maintain two or more concurrent actions with respect to the same debts"); *In re Brown*, 399 B.R. 162, 170 (Bankr. W.D. Va. 2009) (debtor's second, concurrent bankruptcy case was dismissed because, inter alia, it attempted to deal with the same debt as his first case); *In re Wilson*, 390 B.R. 899 (Bankr. N.D. Ind. 2008) ("[the law] clearly prohibits a debtor from having two cases pending at the same time when those cases have debts in common"); *In re Myers*, 2007 WL 2428694, at *6 (Bankr. E.D. Pa. 2007) ("[T]here is general agreement that a debtor may not maintain two or more concurrent actions with respect to the same debts"); *In re Jackson*, 108 B.R. 251, 252 (Bankr. E.D. Cal. 1989) ("once a bankruptcy case is filed, a second case which affects the same debt cannot be maintained").

13. A simultaneous bankruptcy petition may not proceed if the prior confirmed plan has not been consummated, no final degree has been entered, and the case has remained open. *See In re*

4

*Delaware Valley Broadcasters LP*, 166 B.R. 36, 38-39 (Bankr. D. Del. 1994) (holding that debtor was unable to file a new Chapter 11 petition when, almost immediately after confirmation of its plan, debtor defaulted under terms of the pan, was never able to fund the pan, and had a complete inability to consummate the plan); *Prudential Ins. Co. of America v. Colony Square Co.,* 40 B.R. 603, 605-606 (Bankr. N.C. Ga. 1984) (dismissing Chapter 11 petition that was filed six years after a confirmed but not substantially consummated Chapter 12 plan).

14. Because the Reorganized Debtors have not substantially consummated the confirmed Plan, the Reorganized Debtor are still subject to the jurisdiction of this Court in the Pending Chapter 11 Cases. Accordingly, until the Reorganized Debtors' plan in the Pending Chapter 11 Cases is substantially consummated or the Pending Chapter 11 Cases are dismissed, the Reorganized Debtors cannot be debtors in the New Chapter 11 Cases.

15. Even if such simultaneous Chapter 11 cases are not prohibited outright, the second cases must be scrutinized carefully to ensure that they do not constitute an abuse of the bankruptcy process or "bad faith" filings. *See In re Sanford*, 403 B.R. 831, 842 (Bankr. D. Nev. 2009) ("When a debtor files a second successive case, the court must examine all of the filings together and consider 'the result achieved by such filings reviewed against the statutory requirements.'"); *In re Hodurski*, 156 B.R. 353, 356 (Bankr. D. Mass. 1993) (commencement of a Chapter 13 case during the pendency of the Chapter 7 case may be indicative of bad faith, which the court must review and determine).

16. Simon asserts that the New Chapter 11 Cases were filed in bad faith. Indeed, the Reorganized Debtors cannot modify the confirmed Plan by rejecting certain of the Simon Leases without triggering the provisions of section 365(g)(2)(A) of the Bankruptcy Code, which would make the Reorganized Debtors' proposed rejection of the Simon Leases a breach prior to confirmation of the proposed modified plan (as opposed to prior to the petition date) and, thus,

Simon would be entitled to an administrative expense claim for its rejection damage claims. *See In re Klein Sleep Prod., Inc.*, 78 F.3d 18, 27 (2d Cir. 1996).

17. Accordingly, in order to modify the Reorganized Debtors' confirmed plan, the Reorganized Debtors would need to pay all such administrative expense claims in cash on the effective date of such modified plan because the modified plan must still comply with the provisions of section 1129(a)(9)(A) of the Bankruptcy Code, which requires a plan (modified or otherwise) to pay all administrative expenses in cash on the effective date, unless such holder agrees otherwise. Simon has not agreed otherwise and its administrative expense rejection damages claims would need to be paid in cash on the effective date of the Reorganized Debtors' modified plan.

18. In the Motion to Modify, however, the Reorganized Debtors have not proposed to pay the rejection damages claims of Simon or the other affected lessors as administrative expenses on the effective date of the proposed modified plan. *See* Ex. C to Motion to Modify at Art. VII(B) (proposing to treat rejection damages claims of *all* rejected leases as general unsecured claims). Accordingly, the Reorganized Debtors cannot substantially consummate either the confirmed Plan or the proposed modified plan.

19. To avoid the conversion of the Pending Chapter 11 Cases to chapter 7 cases, the Reorganized Debtors have improperly filed the New Chapter 11 Cases. Specifically, Simon asserts that the New Chapter 11 Cases were filed in bad faith to (a) allow the Reorganized Debtors to avoid paying rejection damages claims of Simon and other affected lessors as administrative expense priority claims in the Pending Chapter 11 cases, (b) give the Reorganized Debtors another 120-day period to assume or reject the leases that it had previously assumed and defaulted on in the Pending Chapter 11 cases, and (c) to improperly interpose the automatic stay to forestall the efforts of Simon to evict the Reorganized Debtors and obtain possession of the premises under the defaulted Leases.

20. As such, Simon requests that this Court dismiss the New Chapter 11 Cases with prejudice because this Court lacks subject-matter jurisdiction over the Debtors in the New Chapter 11 Cases or, in the alternative, because the New Chapter 11 Cases were filed in bad faith.

**Local Rule 9075-1 Statement**

Simon requests that this Motion to Dismiss be considered on an emergency bases because, absent the granting of relief on an emergency basis, the imposition of the automatic stay in the New Chapter 11 Cases would effectively eliminate any relief granted to Simon on its Stay Relief Motion scheduled to be heard on June 12, 2017 at 10:00 a.m.

Do to the filing of the petitions in the New Chapter 11 cases on June 9, 2017, less than one business day prior to the scheduled June 12, 2017 hearings, the undersigned has not had an opportunity to confer with counsel for the Debtors regarding this Motion to Dismiss.

WHEREFORE, the Landlord respectfully requests that this Court enter an order (i) granting the Motion to Dismiss, (ii) dismissing the New Chapter 11 Cases, with prejudice, and (iii) granting such other and further relief as this Court deems just and proper.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

Dated: June 11, 2017

BUSH ROSS, P.A.
Post Office Box 3913
Tampa, Florida  33601-3913
(813) 224-9255 (telephone)
(813) 223-9620 (fax)
Counsel for Simon Property Group, Inc.

By: /s/ Adam Lawton Alpert
Adam Lawton Alpert
Florida Bar No. 0490857
*aalpert@bushross.com*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 11, 2017, I electronically filed a true and correct copy of the foregoing Simon Property Group, Inc.'s Emergency Motion to Dismiss Chapter 11 Cases with the Clerk of the United States Bankruptcy Court for the Southern District of Florida by using the CM/ECF system and I furnished a copy of the foregoing document(s) to the following parties in the manner of service indicated below:

/s/ Adam Lawton Alpert<br>ATTORNEY

**Via the CM/ECF system which will send a Notice of Electronic Filing to:**

Kristopher Aungst, Esq.
Joshua W. Dobin, Esq.
Ilan Markus, Esq.
Office of the US Trustee
Paul R. Shankman, Esq.
David R. Softness, Esq.
Ronald M. Tucker, Esq.

63N655602.DOCX